# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MANUEL FONTES-QUINTERO, | CV F   06-00647 AWI DLB HC |
| Petitioner, | ORDER DIRECTING PETITIONER TO AMEND PETITION |
| v. | [Doc. 1] |
| W.J. SULLIVAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on May 26, 2006.  It appears that Petitioner was convicted in the Kern County Superior Court of possession of a controlled substance and driving under the influence.  (Petition, attachment.)  Petitioner was subsequently indicted and convicted in this Court for a violation of 8 U.S.C. § 1326(a)&(b)(2), being a deported alien found in the United States, and sentenced to 51 months.  (Petition, at 1.)  Petitioner was brought to the Eastern District of California from state prison pursuant to a Writ of Habeas Corpus Ad Prosequendum, which states that petitioner will "return to the custody of the detaining facility upon termination of proceedings."  Petitioner was returned to state custody pursuant to the Writ of Habeas Corpus Ad Prosequendum.

Petitioner contends that he is being subjected to double jeopardy and cruel and unusual punishment by his continued confinement in state prison, despite his subsequent federal sentence

that was ordered to be served concurrent to his state sentence. Petitioner requests transfer to from state custody to the custody of the Bureau of Prisons.

Because of the Writ of Habeas Corpus Ad Prosequendum, the state has retained primary jurisdiction of petition, despite his subsequent federal conviction and sentence. See Taylor v. Reno, 164 F.3d 440 (9th Cir. 1998), cert. denied, 527 U.S. 1027 (1999). California prisoners who have a state and federal sentence to run concurrent, have the right to be tendered by the state authorities to the federal authorities. See In re Stoliker, 49 Cal.2d 75 (1957); DOM[1] § 72040.10 (In re Stoliker (1957) 49 Cal.2d 75 requires that the Department make an inmate available to the U.S. Attorney General or their authorized representative for concurrent service of a previously imposed federal term, regardless of which term was first imposed); DOM § 72040.10.1 ("Inmates with detainers for unexpired sentences from other jurisdictions may submit a written request to the Director for transfer to the other jurisdiction for service of their sentence concurrent with the California sentence. The request shall be submitted to the facility CCRM for processing.")

Attached to Petitioner's petition is a "Request for Transfer" CAC 1704 form, signed by Petitioner on April 17, 2006, requesting his transfer pursuant to In re Stoliker to federal custody. (Petition, Attachment.) Petitioner has not indicated whether the Department of Corrections has processed and complied with Petitioner's request for a transfer. See Isreal v. Marshall, 125 F.3d 837, 839-840, n.2 (9th Cir. 1997) (acknowledged inmate's right to request transfer to another jurisdiction, and assuming without deciding that such request for transfer created a federally protected liberty interest under Sandin v. Conner, 515 U.S. 472 (1995).) However, the state right creates no obligation for the federal authorities to accept the prisoner so tendered by the state prison authority. See Jake v. Herschberger, 173 F.3d 1059, 1066 (7th Cir. 1999); cf. Isreal v. Marshall, 125 F.2d at 839-840.

Here, because it is unclear whether prison officials have complied with the requirements outlined in In re Stoliker, the Court will grant Petitioner the opportunity to amend the petition as

---

[1] "DOM" stands for the California Department of Corrections Operations Manual, available at http://www.corr.ca.gov/budgetregs/docs/DOM/DOMChapt7.pdf

to his limited federal claim.

    Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner shall file an amended petition; and
2. Failure to comply with this order will result in a recommendation that the petition be dismissed for failure to comply with a court order. Local Rule 11-110.

IT IS SO ORDERED.

Dated:   September 25, 2006                                               /s/ **Dennis L. Beck**
3b142a                                                            UNITED STATES MAGISTRATE JUDGE